## Dresh and Carson's Nomination Petitions.

*Election law — Nomination petitions — Striking off petitions — Act of July 12, 1913, sect. 8, P. L. 719.*

Where it appears from the face of a petition to set aside nomination petitions for school directors, or from accompanying affidavits, or from an agreed statement of facts, that no vacancy in fact exists to which a person could be elected for an unexpired term at the next election, the nomination petitions will be set aside.

Petition to set aside nomination paper. C. P. Schuylkill Co., Sept. T., 1923, No. 614.

*M. J. Ryan*, for petitioners.

*C. A. Snyder, J. O. Adamson* and *R. P. Hicks*, contra.

BERGER, J., Sept. 7, 1923.—This is a petition filed in pursuance of section 8 of the Act of July 12, 1913, P. L. 719, for setting aside the nomination petitions of Thomas Carson and Conrad Dresh for the office of school director for an unexpired term of four years, commencing on the first Monday of December, 1923, in the Township of Mahanoy, which is a school district of the third class. Section 204, page 137, of the School Code, Act of May 18, 1911, P. L. 309, requires the election in Mahanoy Township at the next municipal election of three school directors, each for the full term of six years, commencing on the first Monday of next December.

Pursuant to the provisions of section 4 of the Act of July 12, 1913, P. L. 719, the secretary of the Mahanoy Township School Board certified to the county commissioners that at the fall primary in 1923 three candidates for school director, each for the full term of three years, were to be nominated, of which the county commissioners gave due notice by publication as required by law. When the nomination petitions for Carson and for Dresh were pre-

sented, the county commissioners accepted and filed them, although they had no official notice or knowledge that a vacancy in the office of school director for an unexpired term of four years, commencing on the first Monday of December, 1923, existed or was to be filled at the next municipal election.

The petition attacking the nominations of Carson and Dresh is based upon that part of section 8 of the Act of July 12, 1913, P. L. 719, which provides for striking off nomination petitions for: "(a) Material error or defects apparent on the face thereof, or on the face of the appended or accompanying affidavits."

The specific ground of attack on the nomination petitions is that no vacancy exists in the office of school director in the Mahanoy Township School District to which a person can be elected for an unexpired term of four years, commencing the first Monday of next December.

The parties have agreed upon the facts, from which we find that John Jones, a school director elected to the full term of six years, commencing on the first Monday of December, 1921, resigned, and had his resignation accepted by the school board on Aug. 21, 1923. The vacancy caused by the acceptance of his resignation has not yet been filled. Section 214 of the School Code, regulating the manner in which vacancies are to be filled, provides that within thirty days next ensuing the creation of a vacancy in the office of school director, the remaining members of the board shall, by a majority vote thereof, fill the vacancy. Since the vacancy to be filled, if filled at all by the school directors, must be filled more than thirty days before the next ensuing municipal election, the term of their appointee can only run to the first Monday of next December, and the four-year unexpired term, commencing on that date, must be filled at the municipal election to be held in November, 1923. Should the remaining members of the board of school directors, however, neglect or fail to elect a school director within thirty days from Aug. 21, 1923, to fill the vacancy caused by the resignation of Jones, their power of appointment would be forfeited and vest immediately upon forfeiture in the Court of Common Pleas, which would then have power to fill the vacancy not for a period ending the first Monday of next December, but for the full period of the unexpired term, or in this case, for a term dating from the appointment and ending the first Monday of December, 1927. It is entirely clear, therefore, that no vacancy in the office of school director for a four-year unexpired term, commencing on the first Monday of next December, at present exists, and that it can only occur if the remaining school directors exercise their power of appointment within the time fixed by law for its exercise, which does not expire until after the coming primary election.

The only further question for our determination is whether the nomination petitions being for a four-year unexpired term, commencing the first Monday of next December, show "material error or defects on the face thereof." Whether we rely upon the School Code alone, or apply it to the undisputed facts in this case, we are led to the conclusion that no vacancy such as that described on the face of the nomination petitions, or a vacancy for the office of school director in the district of the Township of Mahanoy, exists for a term of four years, commencing the first Monday of next December. Wherefore, it is our duty, under the authority of Lamb's and Fenton's Nomination Petitions, 251 Pa. 102, to grant the prayer of the petitioner and set aside the nomination petitions.

And now, Sept. 7, 1923, the nomination petitions of Conrad Dresh and Thomas Carson are set aside.

From M. M. Burke, Shenandoah, Pa.